IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 SEP 27 PM 2:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ] ] | |
| Plaintiff, ] ] | |
| vs. ] | CIVIL ACTION No.CV-00-RRA-2708-NE |
| ] | |
| JACKSON PAVING AND CONSTRUCTION INC., ] ] | CONSENT DECREE |
| ] | |
| Defendant. ] ] | |

**ENTERED**
SEP 2 8 2001

### I. GENERAL PROVISIONS

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII) guarantees protected workers that they will be free from employment discrimination on the basis of race, color, religion, sex, or national origin. Cheryl Tidwell filed a charge of discrimination alleging that Jackson Paving and Construction Inc. discriminated against her in violation of Title VII because of her sex (female). While investigating her charge the Equal Employment Opportunity Commission (EEOC) identified one other ex-employee, Paula Brownfield, that it alleges is an aggrieved party.

On September 25, 2000, the EEOC filed suit in this Court against Jackson Paving and Construction Inc. The EEOC alleges that Jackson Paving and Construction Inc. discriminated against Cheryl Tidwell and Paula Brownfield by subjecting Cheryl Tidwell to sexual harassment and by discharging Cheryl Tidwell and Paula Brownfield in violation of Title VII because of their sex (female). Jackson Paving and Construction Inc. expressly denies all claims and allegations

17

asserted in the Complaint and specifically denies that Tidwell and Brownfield were harassed or discriminated against.

The EEOC and Jackson Paving and Construction Inc., being aware of the risks, uncertainties and costs of continued litigation, are now desirous of resolving, through this Consent Decree, the claims asserted in the above styled lawsuit.

This Court being fully advised of the premises of this case doth hereby Order, Adjudge and Decree as follows:

## II. SPECIFIC PROVISIONS

A   This Court has full jurisdiction to decide this controversy as to the EEOC and Jackson Paving and Construction Inc.. This Court expressly retains jurisdiction for the next 12 months for the purpose of ensuring compliance with this Decree and entry of such further orders as may be necessary to effectuate the purposes of this Decree. It is expressly agreed by the parties that the Court shall retain jurisdiction to enforce this Consent Decree.

B.   Nothing herein shall be deemed to be an admission by Jackson Paving and Construction Inc. that it has at any time, place or in any manner whatsoever, violated either Title VII or any other statute, rule of law or legally binding regulation concerning Cheryl Tidwell, Paula Brownfield or any other person who has been employed by Jackson Paving and Construction Inc. Jackson Paving denies any wrongdoing, but wishes to avoid the cost and inconveniences associated with defending the claim against it.

C.   This Decree, being entered with the consent of the EEOC and Jackson Paving and Construction Inc., shall not constitute an adjudication or finding on the merits of the case nor shall

it be used as evidence of a violation of Title VII or other law in any subsequent action by EEOC against Jackson Paving and Construction Inc., except the EEOC shall not be prohibited by this provision from proceeding against Jackson Paving and Construction Inc. for noncompliance with any provision of this Decree.

D.  This Decree shall resolve all claims raised in the Complaint including the matters alleged in the Charge of Discrimination numbered 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.

E.  Jackson Paving and Construction Inc. agrees to pay a total of Ten Thousand and 00/100 dollars ($10,000.00) in full settlement of the claims which are the subject of this lawsuit, inclusive of all fees and costs.  From this amount, Jackson Paving and Construction Inc. will pay Cheryl Tidwell a total of Nine Thousand and 00/100 dollars ($9,000.00) in compensatory damages and will pay Paula Brownfield a total of One Thousand and 00/100 dollars ($1,000.00) in compensatory damages.  In exchange for those payments, Cheryl Tidwell and Paula Brownfield will each execute and deliver to Jackson Paving and Construction Inc. a release in form and substance as set out in Exhibit "A hereto.

F.  Jackson Paving and Construction Inc. agrees that it will not retaliate against Cheryl Tidwell, Paula Brownfield or any of its former or present employees because such person has filed a Charge of Discrimination, testified, assisted or participated in any manner in the investigations, proceedings or hearings in this lawsuit.

G.  Jackson Paving and Construction Inc. agrees to post an Equal Employment Opportunity poster where it is visible to all employees and potential employees in locations where employee and applicant notices are routinely posted.  If no such locations exist, Jackson Paving and Construction Inc. shall install bulletin boards in locations where employees and applicants are

likely to see them.

  H. Jackson Paving and Construction Inc. agrees to comply with all requirements of Title VII of the Civil Rights Act of 1964, as amended, and immediately post the notice to employees attached as Exhibit "B" where it is visible to all employees.

  I. Within thirty (30) days of the date this Decree is entered Jackson Paving and Construction Inc. shall provide documentation of payment in compliance with provision E. Said documentation will be mailed to J.Mark Graham, Senior Trial Attorney, EEOC, Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, AL 35205.

  J. Within sixty (90) days of the entry of this Decree, Jackson Paving and Construction Inc. will provide training for its owners and supervisors on Title VII. This training shall include at least one module addressing discrimination (including harassment) based on sex in the workplace and the employer's obligations in addressing such discrimination and retaliation. The EEOC shall be given at least 15 days advance notice of the date, time, location and substance of this training and shall be permitted to comment upon the planned training.

  K. Within ninety (120) days of the entry of this Consent Decree, Jackson Paving and Construction Inc. will provide the Birmingham District Office of the Equal Employment Opportunity Commission with proof of the action taken to inform and train its personnel concerning the employment laws as outlined in paragraph J above. The report will be mailed to J.Mark Graham, Senior Trial Attorney, EEOC, Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, AL 35205.

  L. Every six (6) months for the term of this agreement Jackson Paving and Construction Inc. shall submit a report containing the following information:

(1) Any and all training provided during the previous 6 month period, which training concerns compliance with Title VII; the names of employees attending said training; the length of the training; the name and address of the individual(s) conducting the training; documentation of the trainers qualifications; and a copy of materials presented during the training.

(2) Copies of all complaints of discrimination based on sex, if any, received since the last report and all steps taken to address these complaints including the results of any investigation.

(3) Copies of all legal documents alleging sex discrimination, if any, served upon Jackson Paving and Construction Inc.

M.  Upon receipt of the reports required by sections I, K and L of this Decree, the EEOC shall have sixty (60) days in which to analyze and, if necessary, investigate information contained in said reports. Jackson Paving and Construction Inc. shall cooperate with the EEOC during this 60-day period regarding questions that may arise about the administration of this Decree's aforementioned provisions. If, before the expiration of the 60-day analysis period, the EEOC has any concerns about Jackson Paving and Construction Inc.'s compliance with this Decree, the EEOC shall notify Jackson Paving and Construction Inc. in writing and specify the nature of its concerns. The parties thereafter shall have a period of thirty (30) days to attempt to resolve any disputes concerning compliance.

N.  All reports called for by this Decree shall be sent in care of J.Mark Graham, Senior Trial Attorney, EEOC, Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, AL 35205. The EEOC will notify Jackson Paving and Construction Inc. in writing if another individual is designated to receive these reports.

O.  Jackson Paving and Construction Inc. has developed an anti- discrimination policy

and complaint procedure. A copy of that policy and procedure will be posted in the same locations as the notices referred to in paragraph H above. Additionally, a copy of the policy and procedure will be made available to all employees in the company's office.

     P.    The EEOC is not seeking attorney's fees or costs against Jackson Paving and Construction Inc. Jackson Paving and Construction Inc. will not seek attorney fees or costs against the EEOC.

     Q.    Jackson Paving and Construction Inc. has asserted that it is its policy to provide in response to a reference request, only the dates of employment and the job that the employee held. Jackson Paving and Construction Inc. will respond to all requests for reference and inquiries concerning Cheryl Tidwell and Paula Brownfield by providing only the dates of employment and the jobs that Cheryl Tidwell and Paula Brownfield held. This provision survives the expiration of this Decree.

ORDERED and ADJUDGED this 28 day of Sept, 2001.

 

/s/ Robert Armstrong
UNITED STATES ~~DISTRICT~~ JUDGE
MAG

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, Northwest
Washington, DC 20507

_____
CHARLES E. GUERRIER (OH 0023546)
Regional Attorney


_____
MILDRED BYRD (LA 03741)
Supervisory Trial Attorney


_____
J. MARK GRAHAM (LA 06216)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 731-1172

_____
RANDY H. BEARD, Esq.
Beard & Beard
P.O. Box 88
Guntersville, AL 35976
Telephone: (256) 582-3189
Attorney for
JACKSON PAVING AND
CONSTRUCTION INC.

Exhibit "A"

RELEASE OF ___(Name)___

For and in consideration of the sum of _____ Dollars ($_____) cash in hand, this day paid to ___(Name)_____ and other covenants contained in the Consent Decree to which this Release is attached as Exhibit A and other good and valuable considerations, the receipt and sufficiency of all of which are hereby acknowledged, the undersigned ___(Name)_____ for myself, my heirs, administrators, executors and assigns have released and discharged and by these presents do hereby release and discharge Jackson Paving and Construction, Inc. an Alabama corporation, its directors, shareholders, officers, agents, employees and insurers, and each of them, from any and all claims, demands, actions, causes of action, matters, issues, allegations, damages, losses, and expenses which circumstances and incidents more particularized were asserted by me and/or the Equal Employment Opportunity Commission(EEOC) in Civil Action Number CV-00-RRA-2708-NE filed by the EEOC against Jackson Paving and Construction, Inc. in the United States District Court for the Northern District of Alabama Northeastern Division; and all claims for fees and costs associated with said Civil Action.

In executing and delivering this Release, the undersigned relies wholly upon her own judgment, knowledge and belief as to the nature, extent and duration of the damages which she may have suffered or sustained or which she may sustain in the future as a result of the transaction, occurrence or event. _____(Name)_____ further represents and warrants that she has not been influenced by any representations, statements or warranties made by Jackson Paving and Construction, Inc. or by any of its directors, officers or agents, or any other person representing them concerning the nature or extent of the damages or losses or legal liability therefor.

It is further understood and agreed that this Release is executed and delivered and the sum

of money herein above specified is paid in compromise and settlement of a doubtful and disputed claim and that the payment of said money is not to be construed as an admission of liability on the part of Jackson Paving and Construction, Inc., but, on the other hand, Jackson Paving and Construction, Inc., specifically denies any such liability therefor.

It is further understood and agreed that the claim of the undersigned against the parties herein above named in that certain pending lawsuit being Civil Action Number CV-00-RRA-2708-NE filed by the EEOC against Jackson Paving and Construction, Inc. in the United States District Court for the Northern District of Alabama Northeastern Division, being styled Equal Employment Opportunity Commission versus Jackson Paving and Construction, Inc. is to be resolved with prejudice through the entry of a Consent Decree.

I understand that no provisions or promises outside of this Release and the Consent Decree signed by the parties settling the above styled charge and lawsuit will be binding.

I have affixed my signature hereto on this the _____ day of June, 2001.

                                                                                      _____
                                                                                      (Name)

STATE OF _____

COUNTY OF _____

Personally came and appeared before me, the undersigned authority in and for the aforesaid county and state, the within named \_\_\_\_(Name)\_\_\_\_\_, who acknowledged to me that she signed, executed and delivered the above and foregoing Release on the day and year therein mentioned and for the purposes therein stated, after having first duly read and completely understood the same or having had it explained to her.

Given under my hand and seal of office, on this the _____ day of June 2001.

_____
Notary Public

My Commission Expires:

_____

Exhibit "B"

## NOTICE TO EMPLOYEES

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin or age (40 and over) with respect to hiring, promotion, firing, compensation or other terms, conditions or privileges of employment.

Jackson Paving and Construction, Inc. supports and will comply with such Federal Law in all respects and will not take any action against employees because they have exercised their rights under the law.

Jackson Paving and Construction Inc. has developed an anti- discrimination policy and complaint procedure. A copy of that policy and procedure is available to all employees in the company's office.

_____

President, Jackson Paving and Construction Inc.